HARLEM G. CHAMBERLIN, administrator &c. appellant,

*v.*

SUSIE E. McDOWELL, respondent.

The orphans court ordered that money which had been advanced by an executrix to pay preferred claims against the estate, which was insolvent, should be repaid to her out of the assets.—*Held,* no error.

Appeal from decree of Hunterdon orphans court.

*Mr. W. A. Cotter,* for appellant.

*Mr. C. A. Skillman,* for respondent.

THE ORDINARY.

The orphans court in this case directed the appellant, who is administrator *de bonis non cum testamento annexo* of John Sproat, deceased, to pay, out of the balance in his hands (the estate is insolvent), certain money which was decreed to be due to the respondent, one of the executors (the executors were removed by order of the court), upon the passing of her account, and then to pay the rest upon a claim of Joseph Sproat, administrator of Elizabeth Sproat, deceased, against the executors upon a promissory note given by them to his intestate. The court decreed that the respondent's debt was a preferred debt and therefore entitled to priority in payment over the Elizabeth Sproat claim. The ground of preference appears to have been that the money was expended by the respondent out of her own funds in payment of preferred debts of the estate. The money for which the note was given by the executors to Elizabeth Sproat was borrowed by them from her to pay debts of the estate of their testator. The appellant insists that the latter claim is entitled to preference in payment over that of the respondent.

The respondent having paid preferred debts with her own money, was obviously entitled to be re-imbursed by subrogation out of the funds of the estate in the hands of the appellant to the extent to which those funds were available for the purpose. She had been removed, and the estate had been taken out of her hands. She therefore could not re-imburse herself. The funds in the hands of the administrator were sufficient to repay her in full.

The claim of Elizabeth Sproat was and is a claim against the executors themselves, personally. The court, probably in view of the purpose for which that money was borrowed, recognized it as a claim against the estate entitled to preference over the other (unpreferred) debts. Whether the money was in fact used for that purpose does not appear. But the propriety of that preference is not in question.

It is said that the money went to increase the assets of the testator, but there is no evidence upon the subject. It does not appear in the respondent's account.

The decree will be affirmed, with costs.